UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:24-CR-158 |
| v. : | |
| : | (Munley, J.) |
| JAMES MAHON IV and : | |
| JOEL GILLICK, : | |
| Defendants : | |

CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER

COMES NOW the United States of America, by its undersigned counsel, and hereby moves for a consent protective order governing the use and disclosure of discovery in this matter pursuant to Federal Rule 16(d)(1) and Title 26, United States Code, Section 6103(h)(4)(D). In preparation for potential pretrial motions and an anticipated jury trial scheduled in the matter, the United States will provide discovery materials to the defendants. The Government is producing these materials in compliance with various requirements. *See* Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972); 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.

Discovery in this case is voluminous and contains sensitive information, including extensive personal identifying information ("PII") of third parties, such as social security numbers; employer or taxpayer

identification numbers; dates of birth; official state, federal, or government-issued driver's license or identification numbers; alien registration numbers; passport numbers; account numbers; account access/authorization codes; and/or other means of identification and account access. The forthcoming discovery also may include federal tax information.

Furthermore, the United States and the defendants acknowledge that disclosure of discovery material containing PII, federal tax information, or other sensitive information not in connection with the prosecution and defense of the pending criminal charges would be highly detrimental to the privacy interests of the individuals to whom such information belongs. Likewise, the United States also is constrained by the provisions of Title 26, United States Code, Section 6103 in disclosing federal tax information.

In light of the foregoing, the Government seeks to comply promptly and efficiently with its discovery requirements, and it is likewise the desire of the defendants to obtain discovery materials as quickly and efficiently as possible while respecting the interests of third parties. Because of the large volume of information to be produced by the

Government, redaction of sensitive information, including PII, victim identities, and federal tax information, would not only be unduly burdensome on the Government, but would also prevent the Government from meeting the parties' shared goal of prompt and efficient compliance with various discovery requirements.

Rule 16 provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "Good cause . . . generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "A district court has broad discretion when fashioning protective orders." *Id* at 357. "[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In doing so, the court should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others." *Id.*

Title 26, United States Code, Section 6103(h)(4)(D) permits the disclosure of federal tax returns and return information in federal

judicial proceedings pertaining to tax administration "to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title."

Courts have consistently recognized the importance of protective orders in safeguarding the personal information and privacy interests of third parties. *See United States v. Luchko*, 2007 WL 1651139, at *7–8 (E.D. Pa. June 6, 2007) (unpublished) (finding good cause to enter a protective order to "protect[] the privacy interests of uncharged persons, promote[] the government's policy of open discovery and prevent[] unnecessary disclosure of investigative techniques."); *see also United States v. Smith*, 602 F. Supp. 388, 396–97 (M.D. Pa. 1985) (noting that "the information that is the subject of the protective order seriously implicates privacy interests of third parties, *i.e.*, the unindicted co-conspirators."), *aff'd*, 776 F.2d 1104 (3d Cir. 1985).

In order to balance the need for the Government to provide discovery materials to the defendants for use in defense with the need to

protect the privacy interests of certain individuals, the Government respectfully requests that the Court enter an order directing that all discovery materials provided by the government be subject to the conditions set forth in the proposed protective order. The entry of an "umbrella" protective order governing all discovery in the case is appropriate where, as here, the discovery is voluminous and the defendants retain the ability to challenge whether a particular document or other thing should not be designated confidential. *Luchko*, 2007 WL 1651139, at \*10 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986)).

The proposed order limits the use and dissemination of discovery material to preparation for trial, direct appeal, or collateral appeal in this matter. The proposed order would not inhibit a defendant's ability to mount a vigorous defense, as it would freely permit a defendant to review and share discovery with his or her attorneys, investigators, prospective witnesses, and experts. In addition, the proposed order permits a defendant to challenge whether particular discovery material should be governed by the protective order by seeking consent from the Government to exclude it from the proposed order's coverage and, if the

5

parties are unable to resolve any dispute about its use, then seeking relief from the Court. The proposed order therefore strikes a reasonable balance between the interests of the defendants and third parties.

    Finally, under the terms of the proposed order, each defendant is required to return all discovery materials to his or her counsel promptly upon the conclusion of all district court proceedings, and each defense counsel is then permitted to retain one copy of the discovery materials for recordkeeping purposes. Following all trial and appellate proceedings, if the need arises for a defendant to access or otherwise use discovery material, the proposed order provides a way for that to occur. Specifically, the proposed order requires that the defendant, through defense counsel, provide notice to the Government prior to such use, and the Government then has an opportunity to object to that use. If the parties are unable to resolve a dispute about whether any discovery material may be used following trial and appellate proceedings, the Government may then seek relief from this Court prior to the defendant's use of such material. In this respect, the proposed order again strikes a reasonable balance between the interests of the defendants and the interests of third parties.

WHEREFORE, for good cause and the reasons stated above, the United States requests the court issue the proposed protective order limiting the disclosure of the discovery materials in this case. The defendants do not oppose this motion and the language set forth in the proposed protective order.

                        Respectfully submitted,

                        GERARD M. KARAM
                        UNITED STATES ATTORNEY

Dated: July 9, 2024      By:   /s/ Phillip J. Caraballo
                                    Phillip J. Caraballo
                                    Assistant U.S. Attorney
                                    William J. Nealon Federal Bldg.
                                    235 N. Washington Ave., Suite 311
                                    Scranton, PA 18503
                                    P: 570.348.2800
                                    NY 4590816

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:24-CR-158 |
| v. : | |
| : | (Munley, J.) |
| JAMES MAHON IV and : | |
| JOEL GILLICK, : | |
| Defendants : | |

## CERTIFICATE OF CONCURRENCE

I, Phillip J. Caraballo, Assistant United States Attorney, have contacted counsel for defendant James Mahon IV, Dennis E. Boyle, Esq., and counsel for defendant Joel Gillick, Joseph R. D'Andrea, Esq., who concur in Motion for Protective Order.

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

Dated: July 9, 2024

/s/ Phillip J. Caraballo
Phillip J. Caraballo
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:24-CR-158 |
| v. : | |
| : | (Munley, J.) |
| JAMES MAHON IV and : | |
| JOEL GILLICK, : | |
| Defendants : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on July 9, 2024, she served a copy of the attached

### CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER

by ECF to Dennis E. Boyle, Esq., and Joseph R. D'Andrea, Esq., counsel for the defendants.

/s/ Stephanie Kakareka
STEPHANIE KAKAREKA
Legal Assistant