UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:24-CR-158 |
| v. : | |
| : | (Munley, J.) |
| JAMES MAHON IV and : | |
| JOEL GILLICK, : | |
| Defendants : | |

## PROTECTIVE ORDER

Upon consideration of the consent motion of the United States, the Court finds good cause for the entry of this protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and Title 26, United States Code, Section 6103(h)(4)(D), and it is HEREBY ORDERED that:

The defendants, defense counsel, and any other person to whom discovery material is disclosed, pursuant to the terms of this order, shall take all necessary steps to keep secure and confidential any PII, federal tax information, or otherwise sensitive information contained in the discovery material. To that end, any person to whom discovery material is provided, including any defendant, shall be provided a copy of this order and required to sign the acknowledgement to be bound by its terms.

No person shall have access to discovery material in this case unless that person has so agreed to adhere to the terms of this order.

Under this order, any and all discovery material the United States provides to the defendants shall be reviewed by only (i) the defendants; (ii) defense counsel; (iii) employees or agents of those attorneys: (iv) a photocopying or data processing service to whom it is necessary that the defendants provide the material for purposes of preparing for trial, direct appeal, or collateral appeal of this case; (v) witnesses or potential witnesses; and (vi) experts or investigators assisting in preparing for trial, direct appeal, or collateral appeal of this case. No discovery material or copies of any discovery material shall be provided to any person except as provided herein, as agreed to by the parties, or as further ordered by the Court. Nor shall the contents of any discovery material be disclosed, in any other manner, to any person except as provided in this order, as has been agreed by the parties, or as further ordered by the Court.

Furthermore, the defendants shall use discovery material and its contents solely for purposes of preparing for trial, direct appeal, or collateral appeal of this case. No additional copies of any discovery material shall be made except as necessary for those purposes, and any

such copies and reproductions shall be treated in the same manner as the original materials. Likewise, any prepared notes or records of any kind that reference the contents of the materials are to be treated in the same manner as the original materials. Before disclosing discovery material or its contents to any person pursuant to the terms of this order, the defendants or defense counsel must give to the individual or entity a copy of this order and must maintain a copy of the acknowledgement to be bound by the terms of this order signed and dated by the individual or a representative of the entity until such time as all trial and appellate proceedings in this matter are concluded. By signing and dating a copy of this order, any person or entity who receives any discovery material, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including contempt proceedings for alleged violations of this order.

In addition, the parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or otherwise sensitive information, including: (1) Social Security numbers, (2) names of minor

children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1.

Not later than 10 days after any final judgment is imposed or this matter is otherwise concluded in the District Court, the defendants and any parties to whom records have been provided by the defendants or defense counsel shall return the records and documents and any copies of those materials, in any form, to defense counsel, who shall securely maintain one copy of the discovery material subject to the conditions and requirements set forth in this consent protective order.

If a defendant wishes to challenge whether particular discovery material should be governed by this order, the defendant shall, in the first instance, seek consent of the Government to exclude the discovery material from the coverage of this order. If the Government does not consent and the parties are unable to resolve a dispute about whether any discovery material shall be governed by this order, the defendant may then seek relief from the Court.

If following the conclusion of all trial and appellate proceedings, a defendant wishes to access or otherwise use any discovery material for any purpose whatsoever, the defendant, through defense counsel, shall

provide notice to the Government prior to such use, and the Government shall then have a period of 14 days to object to that use. In the event of Government's objection, if the parties are unable to resolve a dispute about whether any discovery material may be used following trial and appellate proceedings, the Government may then seek relief from this Court prior to the defendant's use of the material at issue.

If the defendant believes it is necessary to disclose any discovery material to any person other than those included within the scope of this order, the defendant shall, prior to disclosure, make application to the Court, under seal, requesting an order authorizing disclosure of the discovery material and proposing a redacted version of the material deleting and/or obliterating any and all references to PII or otherwise sensitive information. In the application seeking authorization to disclose discovery material, defense counsel shall certify to the court that the discovery material does not contain references to PII or otherwise sensitive information or that all such references have been deleted or obliterated. No defendant shall, under these circumstances, disclose any discovery material to any person other than those included within the

scope of this order prior to the entry of a court order expressly authorizing such disclosure.

Nothing in this order shall limit any party to the action from seeking modification of this order at any point in time.


Date:_____                    _____
                                         HONORABLE JULIA K. MUNLEY
                                         UNITED STATES DISTRICT JUDGE

-7-

## ACKNOWLEDGMENT

      I have read this consent protective order and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____            _____
Date

                                           Defendant/Witness

I am counsel to the above individual. I have carefully reviewed every part of the consent protective order with my client. I agree to it, and I represent that my client's decision to agree to this protective order is informed and voluntary.

_____            _____
Date

                                           Counsel for Defendant/Witness