IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 3:24-CR-158 |
| JAMES MAHON, | : |
| Defendant. | : |

### DEFENDANT JAMES MAHON'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Defendant James Mahon ("Mr. Mahon"), by and through undersigned counsel, respectfully submits this Reply in support of his motion to dismiss Indictment against him on the grounds that the government failed to state an offense for Bank Fraud, Wire Fraud or Conspiracy, pursuant to 18 U.S.C. §§ 1343, 1344, and 1349. In support of his motion, Mr. Mahon states as follows:

### ARGUMENT

In its Opposition to Mr. Mahon's Motion to Dismiss, the Government merely restates the allegations contained in the Indictment and makes the conclusory argument that the Indictment is sufficient. However, as discussed in detail below, tracking the language of the statutes alone is insufficient and the factual allegations which, according to the Government, aim to provide specificity fail to do so.

The Government cites to *United States v. Olatunji*, 872 F. 2d 1161 (3d Cir. 1989) in support of its argument that "an indictment that 'tracks the language of the statute is sufficient.'" *See* Gov. Opp., at 4 (citing *Olatunji*, 872 F. 2d at 1168). However, the U.S. Court of Appeals for the Third Circuit specifically stated that "[t]he indictment's tracking language *supplemented by specific allegations of the criminal activity* appear entirely sufficient." *Olatunji*, 872 F. 2d

at 1168 (emphasis added). In *Olatunji,* the indictment charged a scheme to defraud "to obtain student aid from the United States Department of Education." *Id.* at 1163–64. Thus, the indictment specified the precise money or property at stake. *Olatunji* recognized, moreover, that an indictment must include a "'sufficient factual orientation to permit the defendant to prepare his defense....'" *Id.* at 1166.

An indictment that merely parrots the language of the criminal statute is not adequate. *See, e.g., Russell v. United States*, 369 U.S. 749, 765 (1962) (citing *United States v. Carll*, 124 U.S. 483, 487 (1888) ("Undoubtedly, the language of the statute may be used in the general description of an offense, *but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.*" (emphasis added)). "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him * * * is defective, although it may follow the language of the statute.'" *Ibid*. (citing *United States v. Simmons*, 96 U.S. 360, 362 (1877).

Furthermore, "an allegation of fraud in an indictment will be sufficient so long as the facts alleged in the indictment warrant an inference that the false statement is material." *United States v. Saybolt*, 577 F.3d 195, 205 (3d Cir. 2009) (quoting *United States v. Creech,* 408 F.3d 264, 269 (5th Cir. 2005) (internal quotations and citation omitted); *see also United States v. McAuliffe,* 490 F.3d 526, 532 (6th Cir. 2007) (same); *United States v. Ladum,* 141 F.3d 1328, 1334 (9th Cir. 1998) (same).

The Government restates factual allegations from the Indictment which, it argues, plead sufficient facts. *See* Gov. Opp., at 9. However, as set forth in detail in Mr. Mahon's Motion to Dismiss, none of these allegations provide any specificity regarding any actions or

representations made *by Mr. Mahon* which could provide him with a "sufficient factual orientation to permit [him] to prepare his defense" with regard to charges of bank, wire, and mail fraud or conspiracy. *See Olatunji*, 872 F. 2d at 1166.

Specifically, the Indictment alleges that the "coconspirators"—not Mr. Mahon—took vague unspecified actions, such as "concealed and misrepresented, and caused others to conceal and misrepresent, the true nature of fake payments", *see* Indictment, ¶ 21, or "through the use of fraudulent misrepresentations", *see id*., ¶¶ 22, 23. An Indictment containing such vague allegations is insufficient. *See, e.g., United States v. Nance*, 533 F.2d 599, 701 (D.C. Cir. 1976); *United States v. Farinas*, 299 F.Supp. 852, 854 (S.D.N.Y. 1969); *see also United States v. Curtis*, 506 F.2d 985 (10th Cir. 1974). In *Nance*, the U.S. Court of Appeals for the D.C. Circuit vacated convictions on false pretenses counts because the indictment failed to set forth any of the false representations made. *Ibid*. The court observed, "the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury." *Ibid*. Similarly, in *Farinas*, the court dismissed an indictment which charged a violation of the Selective Service Act of 1967 in defendant's refusal "to obey certain orders" but failed to specify the nature of the orders disobeyed. In *Curtis*, the court held that pleading the statutory language in a mail fraud case without "any fair indication of the scheme or artifice relied upon, or the false pretenses . . . forming a part of it" was insufficient. *Curtis*, 506 F.2d at 992.

With no designation in the Indictment of what specific action Mr. Mahon is on trial for, he is left to guess at the target, and the prosecution is left free to improvise at trial and again on appeal. This is precisely what the Supreme Court has ruled impermissible. *See Russell*, 369 U.S. at 765.

Furthermore, the Government appears to base its allegations on "trigger events" provisions contained in the servicing agreements between Tammac and certain financial institutions. *See* Gov. Opp., at 9-10. Such trigger events would not give rise to a fraud charge. In fact, as the Government knows, Mr. Mahon was not a party to any agreements between Tammac and any financial institution.

Rather, "trigger events" determine whether events or omissions give rise to a civil claim. *See, e.g., Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) (holding that a triggering event in a trademark case is the "unauthorized passing off" of the illicitly trademarked item); *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868, (2d Cir. 1992) (holding that the protections of the Fair Debt Collection Practices Act were triggered by receipt of a collection notice).

The U.S. Supreme Court stated that the language of the statute in an indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused *of the specific offense, coming under the general description*, with which he is charged." *Russell*, 369 U.S. at 765 (1962) (citing *Carll*, 124 U.S. at 487) (emphasis added). The Government's allegation that "[t]he conspirators agreed to prevent activating Tammac's recourse obligations under the trigger event provisions of the servicing contracts", *see* Gov. Opp., at 10, simply does not give rise to a fraud charge and revolves around a private dispute that should be resolved in civil court.

The Indictment should be dismissed.

4

## **CONCLUSION**

Based upon the foregoing reasons and the reasons stated in Defendant James Mahon's Motion to Dismiss, Mr. Mahon respectfully requests that this Honorable Court dismiss the Indictment against him.

Dated: February 23, 2025                                        Respectfully Submitted,


                                                          */s/ Dennis E. Boyle*
                                                          Dennis E. Boyle
                                                          Boyle & Jasari
                                                          1050 Connecticut Ave, NW
                                                          Suite 500
                                                          Washington, DC 20036
                                                          dboyle@boylejasari.com
                                                          Telephone: (771) 217-2400

                                                          *Counsel for Defendant James Mahon*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February 2025, I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to all parties.

*/s/ Dennis E. Boyle*
Dennis E. Boyle
